**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Arthur Wayne BALDWIN,
Defendant-Appellant.**

No. 79-5128.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 6, 1980.
Decided May 21, 1980.

Kemper B. Durand, Bruce Kramer, Memphis, Tenn., for defendant-appellant.

W. J. Michael Cody, U. S. Atty., W. Hickman Ewing, Jr., Asst. U. S. Atty., Memphis, Tenn., for plaintiff-appellee.

Before KENNEDY and MARTIN, Circuit Judges; and PECK, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Arthur Wayne Baldwin appeals from a jury conviction on three counts of possession of cocaine and one count of possession with intent to distribute cocaine. These offenses are set out in 21 U.S.C. §§ 844(a) and 841(a)(1), respectively. Baldwin contends that the government's evidence, gathered by an undercover police agent, was obtained in violation of the Fourth Amendment's search and seizure provision. We disagree and affirm the convictions.

In 1975, the Memphis, Tennessee Police Department assigned Joseph Hoing the duty of conducting surveillance of Baldwin and the local nightclubs he operated. Pursuant to this assignment, Hoing gained Baldwin's confidence and obtained employment as Baldwin's chauffeur and general handyman. Hoing acted in this capacity from July, 1975 until Baldwin's imprisonment for tax evasion in December, 1975. Hoing also worked at Baldwin's Playgirl Clubs, first as a bartender and later as a club manager. Between July and October, 1975, Baldwin and Hoing shared a two-bedroom apartment. When Baldwin moved to a house, Hoing occupied a downstairs bedroom. Hoing testified that he had free access to all parts of both residences, including Baldwin's bedroom.

In the course of their association, Hoing observed Baldwin use and distribute a white powder which Hoing believed to be cocaine. On four occasions, Hoing obtained samples of this powder, subsequently identified as cocaine by the police laboratory. The first two samples came from a tabletop in Baldwin's bedroom. Hoing found the third while cleaning the floorboard of Baldwin's automobile, part of his job as chauffeur. He retrieved the fourth sample when Baldwin instructed him to bring some "coke" from a dresser drawer to one of the nightclubs. Three of these samples were introduced into evidence, over Baldwin's objections. The trial judge conducted a hearing on Baldwin's motion to suppress and issued a memorandum and order denying the motion.

On appeal, Baldwin argues that the manner in which the government obtained evidence against him violated the Fourth Amendment. By analogy to the rules governing the use of electronic surveillance, he contends that Hoing's undercover activities, including his seizure of cocaine samples, were illegal in the absence of a search warrant. We disagree. Neither the defendant's brief nor our own research has revealed any precedent to support the suggestion that the Fourth Amendment requires law enforcement agencies to seek prior judicial approval in the form of a warrant before utilizing an undercover agent.

Baldwin emphasizes throughout his argument that he never consented to the presence of a "police spy" in his home. The Fourth Amendment, however, does not protect wrongdoers from misplaced confidence in their associates. *Hoffa v. United States*, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). On the contrary, an agent may legitimately gain entrance into a

house by misrepresenting his identity. *Lewis v. United States*, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966). The fact that Baldwin would not knowingly have invited a police agent to share his house does not render Hoing's presence there illegal. We are not inclined to disturb the trial judge's ruling that Hoing did not exceed his authority when he entered Baldwin's bedroom or swept out Baldwin's car.

 If we accept the legality of Hoing's undercover activities generally, we must still determine whether or not his seizure of cocaine samples violates the Fourth Amendment. Our analysis begins with a basic constitutional rule:

> Searches conducted outside the judicial process, without prior approval by judge or magistrate are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.

*Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). The "plain view" doctrine is one such exception. *United States v. Hare*, 589 F.2d 1291 (6th Cir. 1979). On three occasions Hoing confiscated cocaine that was in "plain view"—on a tabletop and the floor of a car. Those seizures were well within the rule of *Hare, supra*. Hoing obtained the fourth sample pursuant to Baldwin's specific instructions to bring him some cocaine. There is no evidence that Hoing ransacked Baldwin's personal belongings in his search for contraband. *Lewis v. United States, supra.*

Two leading cases support our conclusions. *United States v. Glassel*, 488 F.2d 143 (9th Cir. 1973), *cert. denied*, 416 U.S. 941, 94 S.Ct. 1945, 40 L.Ed.2d 292 (1974), and *United States v. Raines*, 536 F.2d 796 (8th Cir.), *cert. denied*, 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976). In *Glassel*, a police informer and an undercover narcotics agent negotiated the sale of cocaine with the defendant. They were invited into a house where Glassel met them and agreed to exchange the drugs. The court rejected Glassel's fourth amendment argument and upheld the seizure of cocaine. In *Raines*, an agent posed as a friend of a drug dealer who had already been arrested. In this guise, the agent was invited into Raines' home to explain to him what had happened to their "mutual friend." The agent then revealed his true identity and informed Raines that he believed marked currency and drugs were on the premises. The Court upheld Raines' arrest and the agent's seizure of contraband.

In summary, Baldwin cannot invoke the protection of the Fourth Amendment to invalidate his convictions. Hoing's presence in the Baldwin household was legal, as was his gathering of evidence which was in plain view. Accordingly, the judgment of the district court is affirmed.