No. 80–1031. BALDWIN v. UNITED STATES. C. A. 6th Cir. Certiorari denied. JUSTICE BRENNAN would grant certiorari.

JUSTICE MARSHALL, dissenting.

In 1974, the Memphis Police Department began an investigation of petitioner and his business activities. To further this inquiry, an undercover police officer sought a position as petitioner's handyman and chauffeur. The agent was hired, and from July 1975 to December 1975 lived in petitioner's home. On several occasions during this 6-month period the agent found in the home what he believed to be cocaine. The agent took samples of these substances and gave them to his superior officers. On the basis of this evidence, petitioner was indicted for possession of cocaine and possession with intent to distribute cocaine.

Prior to trial, petitioner moved to suppress the evidence on the ground that it was illegally obtained through a warrantless search of his home. The District Court denied the suppression motion and petitioner was convicted. The Court of Appeals also rejected petitioner's Fourth Amendment claim, concluding that there was no "precedent to support the suggestion that the Fourth Amendment requires law enforcement agencies to seek prior judicial approval in the form

of a warrant before utilizing an undercover agent." 621 F. 2d 251, 252. Two judges dissented from the subsequent denial of petitioner's request for rehearing en banc. 632 F. 2d 1. Because the panel opinion resolves an issue of substantial importance in a manner not supported by our prior decisions, I would grant the petition for certiorari.

The Fourth Amendment accords special protection to a person's expectation of privacy in his own home. *Payton* v. *New York*, 445 U. S. 573, 585, 589–590 (1980); *United States* v. *Martinez-Fuerte*, 428 U. S. 543, 561, 565 (1976); *Silverman* v. *United States*, 365 U. S. 505, 511 (1961). Absent special circumstances not present here,[1] searches of a person's home are constitutionally unreasonable when conducted without probable cause and without a warrant. *Coolidge* v. *New Hampshire*, 403 U. S. 443 (1971); *Johnson* v. *United States*, 333 U. S. 10 (1948). We have consistently held that these restrictions do not vanish simply because the government seeks to obtain incriminating evidence through deception rather than through a routine search. In *Gouled* v. *United States*, 225 U. S. 298, 306 (1921), a Government agent gained admission into the office of a criminal suspect on the pretext of paying a social visit. During the visit, the agent surreptitiously seized incriminating evidence that was later used in a criminal prosecution against the suspect. This Court, in unanimously concluding that the warrantless search and seizure violated the Fourth Amendment, reasoned:

> "The prohibition of the Fourth Amendment is against all unreasonable searches and seizures and if for a Government officer to obtain entrance to a man's house or office by force or by an illegal threat or show of force, amounting to coercion, and then to search for and seize his private papers would be an unreasonable and there-

---

[1] The "exigent circumstances" exception to the warrant requirement is obviously inapplicable to the extensive and planned search at issue here.

fore a prohibited search and seizure, as it certainly would be, it is impossible to successfully contend that a like search and seizure would be a reasonable one if only admission were obtained by stealth instead of by force or coercion. The security and privacy of the home or office and of the papers of the owner would be as much invaded and the search and seizure would be as much against his will in the one case as in the other, and it must therefore be regarded as equally in violation of his constitutional rights." *Id.,* at 305–306.

We have repeatedly indicated that *Gouled* v. *United States* remains the controlling precedent in this area. *Lewis* v. *United States,* 385 U. S. 206, 211 (1966); *Hoffa* v. *United States,* 385 U. S. 293, 301 (1966). The rationale of that decision would appear directly applicable to this case. Indeed, if anything, the conduct here is arguably more objectionable in constitutional terms than that condemned in *Gouled;* the search was of a home rather than a business office, lasted for six months instead of several minutes, and appears to have been undertaken for the general purpose of gathering any incriminating evidence rather than the specific purpose of seizing certain incriminating documents. Yet rather than recognize the significance of *Gouled* or attempt to distinguish it, the Court of Appeals simply overlooks that case in concluding that there is no precedent governing warrantless undercover searches.

This oversight alone is sufficient to warrant review of the decision below by this Court. Moreover, the Court of Appeals in reaching its conclusion—that the Fourth Amendment's probable-cause and warrant requirements never govern the search of a home by undercover agents—incorrectly construed several decisions by this Court that rejected limited constitutional challenges to such investigatory techniques. In the first case, *Lewis* v. *United States, supra,* we rejected the contention that a search warrant must be obtained before

an undercover agent, posing as a drug purchaser, may enter a person's home to make an illegal drug purchase. However, the challenge there was based on the mere entry into the home, rather than a search for evidence there, and the Court specifically noted that it was not addressing the question whether a search could be conducted under such circumstances. *Id.*, at 208. More important, in concluding that a warrant was not necessary, the Court focused on the fact that the defendant had relinquished his expectation of privacy in the home by inviting the agent in *for the purpose of conducting an illegal drug transaction.* We noted:

> "[W]hen, as here, the home is converted into a commercial center to which outsiders are invited for purposes of transacting unlawful business, that business is entitled to no greater sanctity than if it were carried on in a store, a garage, a car, or on the street." *Id.*, at 211.

Here, in contrast, petitioner neither invited the undercover agent into his home for any illegal purpose nor gave up his expectation of privacy in the home by converting it into a center of unlawful business.[2]

The rationale of the other decision relied on by the Court of Appeals, *Hoffa* v. *United States, supra,* is similarly inapplicable here. In that case, we concluded that the Fourth Amendment was not violated when a Government informant reported conversations he had with a criminal suspect. However, *Hoffa* involved only the limited question whether the Fourth Amendment precluded the Government from benefiting from a "wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it." *Id.*, at 302. In rejecting this contention we made clear

---

[2] The Court in *Lewis* further limited its holding by noting that an undercover agent who had gained entry under the pretext of conducting an illegal drug transaction would not be constitutionally empowered "to conduct a general search for incriminating materials." 385 U. S., at 211.

that the defendant's claim—unlike petitioner's here—was not based on any asserted violation of his right of privacy. *Ibid.*[3]

Despite the care with which this Court in *Lewis* and *Hoffa* sought to define the limited scope of its rulings, the Court of Appeals in the instant case has construed those decisions as removing virtually all constitutional constraints on the use of undercover agents to conduct home searches. If the decision of the Memphis police to place an undercover agent in petitioner's home for a 6-month period, during which the agent rifled through his belongings in the search for incriminating evidence, does not implicate the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," it is hard to imagine what sort of undercover activity would. Indeed, under the Sixth Circuit's approach, the Government need never satisfy the probable-cause and warrant requirements of the Fourth Amendment if, by disguising its officers as repairmen, babysitters, neighbors, maids, and the like, it is able to gain entry into an individual's home by ruse rather than force in order to conduct a search.[4]

By ignoring *Gouled,* and extending *Lewis* and *Hoffa* beyond their plainly intended scope, the decision of the Court of Appeals raises important constitutional concerns. The

---

[3] The decision in *Hoffa* is further distinguished from the instant case by the facts that the informant was a friend of the defendant rather than a law enforcement officer, and because the "seizure" of conversations that the defendant sought to suppress took place in a variety of public places rather than solely in the defendant's home.

[4] The potential scope of the Court of Appeals ruling is not limited to searches of a home. For example, while we have recently held that inspectors of the Department of Labor must obtain a search warrant before entering most businesses to search for violations of the Occupational Safety and Health Act, *Marshall* v. *Barlow's, Inc.,* 436 U. S. 307 (1978), under the Sixth Circuit's rule this search warrant requirement could be circumvented if the inspectors gained entry by representing themselves as employees, labor representatives, and the like.

decision is probably wrong; at the very least, it warrants review by this Court. I therefore dissent from the denial of the petition for certiorari.