Allen **BERENTER**, Plaintiff,

v.

Donald J. **QUIGG**, Commissioner of Patents and Trademarks, Defendants.

Civ. A. No. 88–0368.

United States District Court, District of Columbia.

Oct. 31, 1988.

---

Ronald Kananen, Washington, D.C., for plaintiff.

Richard Schafer, Office of Sol., Patents and Trademarks, Arlington, Va., for defendants.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

This matter is before the Court on cross-motions for partial summary judgment.

The Court heard oral arguments on October 27, 1988. After giving careful consideration to the motions, the arguments and the record, the Court concludes that the plaintiff's motion for partial summary judgment should be granted and the defendant's motion for partial summary judgment should be denied.

Plaintiff brought this civil action under 35 U.S.C. § 145 to set aside the decision of the Board of Patent Appeals and Interferences. The Board's decision affirmed the action of a Primary Patent Examiner refusing to grant a patent on the subject matter of claims 2 and 5 through 9 of patent application Serial No. 477,598. The Primary Examiner and the Board concluded that the claim would have been obvious under 35 U.S.C. § 103. In reaching its conclusion the Board interpreted the claims to be broader than the interpretation urged by the plaintiff. Through the cross-motions for partial summary judgment, the parties have asked this Court to decide the proper scope of the claim.

The plaintiff's patent claim at issue in the cross-motions is as follows:

A method for treating an infestation of cockroaches selected from the species Periplaneta americana, Periplaneta australasiae, and Blatta orientalis, said species being characterized in that a first habitat of these species during early development and reproduction is different from a second habitat of these species during a post-migratory stage, to substantially eliminate said infestation and prevent its spread to beyond the locus thereof, which *comprises* identifying said first habitat, and applying lethally effective amount of pesticide to an area *consisting of* said first habitat, whereby to exterminate any cockroaches of said species present in said area and substantially prevent further reproduction thereof.

There is no dispute among the parties as to which law applies. Both parties rely on *Mannesmann Demag Corp. v. Engineered Metal Products Co., Inc.* 793 F.2d 1279 (Fed.Cir.1986). The parties are also in agreement as to the definitions of patent terms of art. The word "compris-

ing" means the recited elements are only a part of the device; therefore, the claim is open. *See* D. Chisum, *Patents—A Treatise on the Law of Patentability, Validity and Infringement*, § 8.06[1][b] (1987). On the other hand, the word "consisting" means that the claim covers devices having recited elements and no more; therefore, the claim is closed. *Id.*

 Plaintiff argues that "the claims of the patent are 'closed' with respect to the habitat of pesticide application and are otherwise 'open' to the inclusion of other unspecified steps". On the other hand, defendants argue "the claims of the patent are 'open' to the inclusion of other unspecified steps, including the treatment of cockroach habitats in addition to the habitat expressly stated in the claims".

The Court reads *Mannesmann* to say that an applicant can leave the claim open with respect to additional elements, but can close the claim with respect to a particular elements. The opinion in *Mannesmann* states in pertinent part:

The district court correctly observed that the phrase 'consisting of' appears in clause (a), not the preamble of the claim, and thus limits only the element set forth in clause (a). The court correctly declined to read this usage of 'consisting of' as excluding all other elements from the claim as a whole. *Mannesmann*, 793 F.2d at 1282 (Fed.Cir.1986).

Plaintiff, relying on *Mannesmann*, states: Plaintiff's term "consisting of" modifies one element, the application of the pesticide to "said first habitat," of an otherwise open-ended claim, just as Mannesmann Demag used the term to modify one element, the formation of the interior wall of the claimed vessel with "at least one cooling pipe coil". Plaintiff's Memorandum at 4.

Defendant states: Plaintiff's claim describe[s] a process for treating a cockroach infestation "comprising" two steps. The first recited step is identifying the breeding habitat. The second step is applying pesticide to an area "consisting of" the breeding habitat. Defendant's Memorandum at 9.

The defendant further states, relying on *Mannesmann:*

The use of "consisting of" in the second step of the process in no way excludes other steps. When the phrase "consisting of" is used in the body of a claim as part of a limitation, only the particular limitation is closed. Defendant's Memorandum at 10.

The Court reads plaintiff's claim to say that there are two steps to the claim. The first step is to identify the first habitat of the species Periplaneta americana, Periplanta asutralasiae, and Blatta oriental. This first step is left open to additional steps, for the claim states "comprises of identifying said first habitat". The second step is to apply the lethal effective amount of pesticide to an area consisting of said first habitat. The second step is closed to the use of additional steps, for the claim uses the term "consisting of".

The defendant argues that "the use of the open word 'comprising' in the preamble leaves the claim open to any and all additional steps". Defendant Memorandum at 10. The Court disagrees with the defendant's argument; the plaintiff's claim limits the use of the pesticide to only the first habitat. An additional step that allows the use of the pesticide in an area other than the first habitat is inconsistent with the plaintiff's claim. The plaintiff argues that the claims are generally open to the inclusion of additional steps, but would not encompass a method calling for the application of pesticide to areas other than the first habitat described in the claim. Plaintiff's Memorandum at 9. The Court concludes that the plaintiff's argument is consistent with the holding in *Mannesmann*.

In view of the above the plaintiff's motion for partial summary judgment is granted and the defendant's motion for partial summary judgment is denied.

So ORDERED.