866 F.2d 431
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Theodies WILLIAMS, Defendant-Appellant.
 No. 88-5374.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1989.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Williams appeals the district court's denial of his motion to suppress evidence of cocaine seized in his house at 1455 Dardin in Memphis on July 12, 1987. We affirm.
 
 
 2
 Sergeant C.R. Swain of the Shelby County Sheriff's Department, Metro Narcotics Unit, acting in an undercover capacity and wearing a voice transmitter went with an informant to Williams' house at 1455 Dardin in Memphis in order to negotiate a deal for the purchase of cocaine. After unsuccessfully trying to get Williams to negotiate the deal outside the house, Sergeant Swain and the informant went into the house. They were both voluntarily admitted by Williams. Sergeant Swain and the informant went into a back bedroom of the house where packages of cocaine were seen by them on a bed and a table. Sergeant Swain and the informant negotiated the purchase of a quantity of cocaine from Williams and another defendant Thompson.
 
 
 3
 The informant stayed in the house and Sergeant Swain went outside ostensibly to get the money from the car. He informed the other officers either by a signal or through the transmitter that he was not able to get the dealers outside. Upon that cue, the officers stormed the house kicking in the back door. The police then seized the cocaine.
 
 
 4
 The district court, after reviewing the transcript of the hearing before the magistrate, defendants' objections, and the entire record in the case, adopted the magistrate's report and denied Williams' motion to suppress the evidence. The magistrate held that under the exigencies of the situation the officers were justified in employing force to enter the house without a search warrant.
 
 
 5
 Williams argues that the police entry into his home and subsequent search and arrest without a warrant were in violation of his fourth amendment protection against unreasonable search and seizure. Williams claims that the government in this case has not come forward with objective evidence tending to justify any deviation from the normal police procedures of obtaining a warrant. Williams argues that the reasons given by the government, fear of the destruction of the evidence and fear of the safety of the confidential informant, was inadequate under the circumstances to justify a warrantless search and arrest. There were no weapons apparent to Sergeant Swain for him to believe that the informant was in danger. Also, given the large amount of cocaine and that Williams did not suspect an undercover operation, Williams would not have disposed of the drugs without a strong suspicion. Sergeant Swain could have justified his leaving to get a search warrant by telling Williams that the money was at a different location. Williams concludes that the neglect of the government to obtain a search warrant was not prompted by any sense of emergency, but rather to avoid the inconvenience of finding a judge on a Sunday afternoon. We disagree.
 
 
 6
 The officers never intended to search the house for cocaine. They intended to make a buy and arrest outside the house. Even if they knew earlier in the day that cocaine was in the house, a search warrant was not required as the police officers never intended to make a search in the house. Williams voluntarily admitted the police officer and the informant in the first instance. No search warrant was required. The drugs were in plain view of Sargent Swain and he could have made an arrest at that point. U.S. v. Baldwin, 621 F.2d 251 (6th Cir.1980).
 
 
 7
 When Swain left the house his reentry without a search warrant was justified under the exigent circumstances exception. See United States v. Adams, 742 F.2d 927 (6th Cir.1984); United States v. Elkins, 732 F.2d 1280 (6th Cir.1984) (rev'd in part on other grounds) (a warrantless entry will be upheld under the exigent circumstances exception so long as the officers are able to articulate factors which give them probable cause to believe the evidence would be lost). As the magistrate held in a report adopted by the district court, the officer and the informant were not successful in their attempt to move the drug buy away from the house. Mr. Williams followed Sergeant Swain to the front door and locked it behind him when Swain went to get the money. The informant was still inside the house and potentially in danger. The back yard to the house also contained three watch dogs. The officers came in through the back door kicking it in. The magistrate found that given the exigencies of the situation the officers were justified in a forced entry into the house without a search warrant. The magistrate stated that "if Sergeant Swain had left to get a search warrant when he went out to ostensibly get the money, Mr. Williams would have had every reason to become suspicious and destroy the cocaine and perhaps the informant as well."
 
 
 8
 The magistrate's finding of fact as adopted by the district court are not clearly erroneous. For the reasons stated above, we affirm.
 
 
 9
 NATHANIEL R. JONES, Circuit Judge, dissenting.
 
 
 10
 The Supreme Court has long held that "a search or seizure carried out on a suspect's premises without a warrant is per se unreasonable, unless the police can show that it falls within one of a carefully defined set of exceptions based on the presence of 'exigent circumstances.' " Coolidge v. New Hampshire, 403 U.S. 433, 474-75 (1971). Although exigent circumstances generally will be present when there is an urgent need to prevent evidence from being lost or destroyed, police officers must "show an objectively reasonable basis for concluding that the loss or destruction of evidence is imminent " in order to justify a warrantless entry under this exception. United States v. Sangineto-Miranda, 859 F.2d 1501, 1512 (6th Cir.1988) (emphasis added). Because the Government has offered no plausible explanation for the police officers' failure to seek a search warrant prior to the forced entry into Williams's home, and because any exigent circumstances which may have existed in this case were foreseeable well in advance of that forced entry, I respectfully dissent from the majority's opinion.
 
 
 11
 In McDonald v. United States, 335 U.S. 451 (1948), the Supreme Court reversed a criminal conviction which was based upon evidence obtained in the course of a warrantless entry and search. The police had been observing the McDonald defendants for several months in connection with suspected gaming operations. While camped outside of the rooming house where the defendants were staying, police officers heard the sound of an adding machine coming from the house. At that point, the officers forcibly entered the premises, without a warrant, and proceeded to the defendants' room. After observing the defendants engaging in illegal lottery operations, the officers demanded and obtained entrance to the room, and seized machines, papers and money which were in plain view. At trial, these articles were admitted into evidence, over the defendants objections, and the defendants subsequently were convicted on all of the charges against them.
 
 
 12
 The Supreme Court held in McDonald that the officers' warrantless entry into the rooming house and their seizure of the challenged evidence violated the defendants' rights under the fourth amendment. In so holding, the Court noted that the officers were not responding to an emergency, that the defendants were not attempting to escape, and that the defendants were not in the process of destroying evidence when the officers entered the premises. The Court stated that "[n]o reason, except inconvenience of the officers and delay in preparing papers and getting before a magistrate, appears for the failure to seek a search warrant," and further stated that "those reasons are no justification for by-passing the constitutional requirement" that police officers obtain a warrant prior to entry and search. 335 U.S. at 455.
 
 
 13
 In United States v. Morgan, 743 F.2d 1158 (6th Cir.1984), this court relied upon McDonald in holding that a warrantless police entry and search was not justified by exigent circumstances. The defendant in Morgan, was prosecuted for possessing an unregistered automatic firearm. The firearm was discovered during a warrantless search of the defendant's home. While the police officers had time to meet in a local coffee shop, "assess[ ] the situation," and discuss the plan for approaching the defendant's home, the officers never sought to obtain a search warrant. In holding that the entry and search violated the fourth amendment, this court noted that the police officers were not pursuing a fleeing suspect, that the suspect did not represent an immediate threat to the arresting officers or the public, and that police action was not necessary to prevent the destruction of vital evidence. 743 F.2d at 1162-63. Further, we noted that the "arrest was a planned occurrence, rather than the result of an ongoing field investigation." Id. at 1163. Given these facts, we concluded that the police officers should have obtained a warrant before entering the defendant's home. Id. at 1163-64.
 
 
 14
 In other entry and search cases, courts have carefully distinguished between situations where unforeseeable exigent circumstances arise before a warrant can be obtained, and situations where police officers deliberately fail to seek a search warrant. For example, in United States v. Socey, 846 F.2d 1439 (D.C.Cir.1988), the court noted a "key distinction between cases 'where exigent circumstances arise naturally during a delay in obtaining a warrant and those where officers have deliberately created the exigent circumstances.' " Id. at 1449 (quoting United States v. Webster, 750 F.2d 307, 327 (5th Cir.1984), cert. denied, 471 U.S. 1106 (1985)) (emphasis in original). Similarly, while this court upheld the warrantless search of the defendants' apartment in Sangineto-Miranda, supra, the panel was careful to note that ' "[t]his is not a case where the police had ample time and opportunity to secure a search warrant, but decided to forego that option in the hope that exigent circumstances would arise.' " 859 F.2d at 1513 (quoting Socey, 846 F.2d at 1447).
 
 
 15
 In the case at bar, the Government contends that exigent circumstances justified the warrantless entry into Williams's home because the delay required to obtain a warrant after Sergeant Swain left the house likely would have "tipped" the suspects and led them to destroy the cocaine and because the informant's safety might have been jeopardized. However, the Government offers no persuasive explanation as to why a search warrant was not sought in the three and one-half hours which expired between the time that Sergeant Swain ascertained the location of the drugs and the time that the officers entered Williams's house. Further, although the majority comfortably concludes that a warrant was not required because "the police officers never intended to make a search in the house," I find it hard to believe that the officers were so confident that the transaction would occur outside of the house that they never considered the necessity of obtaining a search warrant. In my view, this case squarely presents a situation where the officers themselves created any exigent circumstances which may have existed by deciding not to seek a search warrant prior to arriving at Williams's house.
 
 
 16
 Since the majority makes no attempt to distinguish this case from McDonald and Morgan and since the Government has offered no plausible explanation for the officers' failure to secure a search warrant, I respectfully dissent from the majority's conclusion that the warrantless entry in this case was permissible under the fourth amendment.