Veale v. USA, et al.                    CV-98-441-M    09/01/99
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


David Veale;
Scott Veale,
      Plaintiffs

      v.                                      Civil No. 98-441-M

United States of America; United States
Attorneys Office; U.S. Supreme Court;
U.S. First Circuit Court of Appeals;
U.S. Bankruptcy Court; U.S. District
Court for N.H.; State of N.H.; N.H.
Attorney Generals Office; N.H. Supreme
Court; Cheshire and Hillsborough County
Superior Courts; Concord, Hillsborough,
and Keene District Courts; N.H. State
Police Officers and Department of
Transportation; Swanzey and Keene Police
Departments; Towns of Marlborough,
Bennington, and Gilsum, N.H.; All Former
Marlborough Selectmen Since 1980 and
Respective Police and Fire Departments;
Keene Publishing Corporation; Previous
N.H. Attorneys and Surveyors; Former
Legal Counsel for the Towns of Marlborough
and Bennington, N.H.; and All Named
Abutters on Survey of Plaintiffs' Farm
      Defendants


                         **O R D E R**


      Plaintiffs' amended complaint consumes some 58 pages and 256

paragraphs.  To say they are veteran pro se litigants does them

the disservice of understating their preoccupation, for as

plaintiffs themselves confirm (See Exhibit 1 to their amended

complaint), they have initiated or been party to some 89 separate

cases in state and federal court from 1982 through last November. Virtually all of those cases concern, or arise from, or are said to relate to plaintiffs' unswerving belief that a vast and all-encompassing conspiracy exists, singularly devoted to depriving them of their rights to property in the Town of Marlborough, and visiting upon them every conceivable type of legal injury to punish them for pursuing those claimed property rights.

It hardly seems worthwhile or productive to try to summarize the long history and literally scores of lawsuits filed by plaintiffs over the years that in one way or another arise from their incorrect and long since resolved claim that they possess ownership rights to land in Marlborough, New Hampshire. It also seems hardly worthwhile to devote the time necessary to recount the holdings in many prior state and federal cases involving all of the same basic claims raised in plaintiffs' latest amended complaint in this particular case.

The amended complaint is perhaps a testament to plaintiffs' commitment and imagination, but in reality it is little more than a stream of consciousness reiteration of old and already resolved conspiracy theories, land claims, surveyor and lawyer malpractice claims, meritless causes of action, fantastic and conclusory allegations, and nearly unintelligible legal theories, all seemingly designed to perpetuate a legal quest that has consumed

2

these plaintiffs and occupied numerous defendants, and the courts, for far too long. Ordinarily, pro se litigants ought to be given an understandable, even a detailed, explanation of why their claims are without legal merit before their causes of action are dismissed. But these plaintiffs have already been given those explanations, and their litigation history makes it plain that to do so again would merely duplicate past judicial efforts, with virtually no hope that plaintiffs will either understand or accept that they cannot continue to relitigate these identical and poorly disguised claims over and over.

At this point it is enough to say, with only the briefest explanation, that plaintiffs' amended complaint is fatally defective with respect to each of the numerous claims described in it for one or more of the following reasons: the identifiable claims are generally not sufficiently supported by factual allegations; the basic claims of conspiracy are bizarre, fantastical, frivolous, unsupported, and barred by the doctrine of res judicata, the related doctrine of collateral estoppel, the applicable statute of limitations, and various types of immunity. To the extent rambling references are made to past specific complaints (regarding, for example, zoning issues, pistol permits, mobile home seizures, local voting rights, car registrations, land rights, failure of officials and prosecutors

3

to investigate or take action on complaints, malpractice of various sorts, denials of due process, "illegal" court resolutions of prior cases, and claimed official harassment of various types), those issues have also either been finally adjudicated and cannot be revisited here given the doctrines of res judicata and collateral estoppel, or are facially barred by the applicable statute of limitations, or involve matters over which this court has no jurisdiction (i.e., review of state court final judgments), or are barred by absolute judicial and prosecutorial immunity, or improperly seek to recover from defendants who are not "persons" within the meaning of 42 U.S.C. § 1983, or are precluded by plaintiffs' failure to exhaust administrative remedies (e.g., the Federal Tort Claims Act), or fail to state claims upon which relief can be granted, or are simply not coherent to the degree required for serious consideration in that they fail to make it reasonably clear just what facts are being alleged against what defendants to support what legal theory of recovery (indeed it is nearly impossible to determine even the identity of all the defendants plaintiffs apparently intend to sue).

A Fair Reading of the Complaint

A fair reading of this unwieldy amended complaint, that is, looking beyond the literal meaning of the language used to ascertain the real cause of the complaint,[1] suggests that plaintiffs' claims can be generally categorized as follows:

1.    Defendants engaged in (and continue to engage in) a vast and evolving conspiracy to deprive them of property rights in various towns, and to generally harass them by denying them due process and by interfering with their daily lives in innumerable ways to punish them for having pursued their claims (Counts 2, 7, 8, 9, and 12);

2.    Some Defendants wrongfully failed to entertain their various complaints about conspiracy, etc., over the years and failed to prosecute or take other investigative action relative to those complaints (Count 1);

3.    Some Defendants committed criminal violations for which plaintiffs seek civil damages (Count 10);

4.    Some Defendants, the town defendants primarily, violated various zoning ordinances and related statutes in denying plaintiffs the right to deal with their properties as they wished (Counts 3, 4); and

_____

[1]   See Jimenez-Nieves v. United States, 682 F.2d 1, 6 (1st Cir. 1982).

5

5.    Various Defendants are liable to them under several state law causes of action (Counts 5, 6, 11, 13 (mislabeled as a second "12")).

The Grand Conspiracy Claims

There are three fundamental problems with these claims. First, they have already been adjudicated on the merits in one form or another (several times it appears).  Second, it is plain from the amended complaint that virtually all of the occurrences alleged to have been in furtherance of the alleged conspiracy took place, as did the formation and operation of the alleged conspiracy itself, before at least 1990.  So, those claims are barred by the applicable statute of limitations.  See N.H. Rev. Stat. Ann. 504:6 (3 years).  Third, the allegations of conspiracy are not supported by material factual allegations, but consist of wholly conclusory statements.

These plaintiffs previously brought the very same vast conspiracy claims in this court in Veale v. Town of Marlborough, et al., Civ. 90-37-SD (D.N.H.).  In that case, Judge Devine noted that:

> Pro se plaintiffs Scott and David Veale bring this civil rights action against the Town of Marlborough, New Hampshire, and various other defendants alleging the existence of a vast conspiracy to deprive them of their constitutionally protected property rights.

6

> Presently before the court is plaintiffs'
> objection to the magistrate judge's March 11, 1991,
> Report & Recommendation which recommended that this
> action be dismissed.  [footnote omitted]
>
>        \*    \*    \*
>
> In his Report & Recommendation of March 11, 1991,
> the magistrate judge thoroughly reviewed plaintiffs'
> various claims and properly concluded as a matter of
> law that plaintiffs fail to state a claim under 42
> U.S.C. 1983, 1985(3), and 1986. Specifically, the
> magistrate judge concluded that certain named
> defendants are entitled to absolute immunity;
> plaintiffs have failed to allege any constitutionally
> recognized class-based discrimination; plaintiffs have
> failed to plead facts sufficient to support a section
> 1983 claim against state and local officials; and,
> notwithstanding flaws in their pleadings, plaintiffs
> could not prevail on their due process claim since it
> is undisputed that they were given notice and an
> opportunity to be heard before their mobile home was
> taken.
>
> The court herein addresses the issues raised by
> plaintiffs' numerous objections to the March 11, 1991,
> Report and Recommendation and concludes that they are
> meritless.

Order, July 10, 1991 (copy attached).  (A copy of the referenced

Report and Recommendation is also attached to this order.)  All

of plaintiffs' claims, including their conspiracy claims, were

dismissed with prejudice, and that result became final.  See

Veale v. Town of Marlborough, 993 F.2d 1531 (1st Cir. 1993)

(unpublished).   If that were not enough, it seems plaintiffs

also raised substantively identical conspiracy claims in state

court, and those were also resolved against them on the merits.

See Town of Marlborough v. Scott W. and David T. Veale, No. 90-E-

7

130, New Hampshire Superior Court (Cheshire County), Order of July 29, 1992 at 6 (Exhibit F to Marlborough Defendants' motion to dismiss, document no. 10) ("In their counterclaim, defendants seek damages from plaintiff for 'an underlying secret scheme developed by the Town . . . to deprive [defendants] of their property described within their deeds', for harassment, and for bad faith conduct. Defendants failed to prove these claims at the hearing, and their counterclaim is DENIED.") (emphasis in original). Undeterred, plaintiffs brought virtually identical conspiracy and related claims in another case filed in this court (Veale v. Town of Marlborough, et al., Civ 92-355-SD), with the same result. And, of course, the same basic claims are repeated in one form or another in many other cases filed by plaintiffs.

The claims made here have been resolved before and, as before, the conspiracy claim fails because, inter alia, it is not pled with the requisite degree of specificity. As the First Circuit has stated, "Though we are mindful that pro se complaints are to be read generously, . . . allegations of conspiracy must nevertheless be supported by material facts, not merely conclusory statements." Slotnick v. Garfinkle, 632 F.2d 162, 165 (1st Cir. 1980) (citations omitted). The latest amended complaint by plaintiffs is not supported by allegations of relevant material facts, but, as before, merely strings together

8

broad conclusory statements.  Accordingly, the grand conspiracy claims are necessarily dismissed because they have been previously adjudicated, because they are not adequately supported by factual pleading, and because they are time-barred and, as to particular defendants, barred by immunity doctrines, or are otherwise meritless for the reasons summarized above, and for the many reasons articulated in Defendants' pending motions to dismiss and supporting memoranda.

Failure to Investigate or Prosecute Others (Count 1)

Plaintiffs simply have no cognizable or enforceable right to an investigation or prosecution of others merely because they bring complaints to the attention of state or federal officials. Count 1 does not state a cause of action upon which relief may be granted.  See e.g. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); Leeke v.Timmerman, 454 U.S. 83, 86-87 (1982); Nieves-Ramos v. Gonzalez-De-Rodriquez, 737 F.Supp. 727, 728 (D.P.R. 1990).

Claims Seeking to Enforce Criminal Laws

Plaintiffs, as they have been told previously, lack standing to bring suit to enforce criminal laws and, to the extent they vaguely hint at a possible civil RICO action, they fail to state

9

a claim upon which relief can be granted.  <u>See</u> Order dated July 10, 1991, Civ. 90-37-SD, <u>supra</u>, at 8 (". . . plaintiffs have no standing to sue for violations of federal criminal laws").

Zoning Related Claims (Counts 3, 4)

Plaintiffs repeatedly allude to various zoning-related claims, all of which seem to have been raised and finally adjudicated in prior cases.  In any event, the Court of Appeals has made it quite clear that federal courts will not sit as super zoning boards or zoning boards of appeal, nor will complaints arising from local zoning disputes normally state a viable claim under section 1983.  <u>See</u> <u>Raskiewicz v. Town of New Boston</u>, 745 F.2d 38, 44 (1st Cir. 1985); <u>see</u> <u>also</u> <u>Chiplin Enterprises, Inc.</u> <u>v. City of Lebanon</u>, 712 F.2d 1184 (1st Cir. 1983).  Absent "fundamental procedural irregularity, racial animus or the like," actions by a local zoning board will not "engage the heavy-duty machinery of the Civil Rights Act," nor will such actions "implicate the Constitution".  <u>Chongris v. Board of Appeals of</u> <u>Town of Andover</u>, 811 F.2d 36, 42 (1st Cir. 1987)(citing <u>Creative</u> <u>Environments v. Estabrook</u>, 680 F.2d 822, 833 (1st Cir. 1982)).

State Claims (Counts 5, 6, 11, 13)

In these counts, plaintiffs seem to advance theories of negligence (in general), malpractice by a host of previously retained attorneys and land surveyors, and various liability theories based upon the New Hampshire Constitution. These claims are fatally defective for a multitude of reasons as well, and they also appear to have been litigated before. Nevertheless, it is sufficient to say that since no viable federal causes of action exist, this court will not exercise supplemental jurisdiction over any remaining state claims. See 28 U.S.C. § 1367(c)(3). Those claims are, therefore, dismissed without prejudice.

Protective Relief

One further matter needs to be addressed. Defendants have requested this court to enjoin plaintiffs (as they have already been enjoined in state court, see Veale v. Town of Marlborough, et al., 95-E-82, New Hampshire Superior Court (Cheshire County), from filing further actions without a showing of good cause. There can be little doubt that the allegations in this case are in substance an accumulation and reiteration of past complaints – pieces of the some eighty or more cases filed by plaintiffs individually or jointly – and neither the defendants nor the

11

court can reasonably be expected to patiently entertain these repetitive suits forever.

Defendants are entitled to some protection, and they can be adequately protected in the future from the entirely unnecessary waste of resources precipitated by plaintiffs' repetitive litigation by entry of a protective order. The court hereby enters the following order:

> Plaintiffs are hereby ordered not to file any further suits or actions in this court regarding any conspiracy claims, or other claims, raising matters previously litigated, particularly concerning the alleged conspiracy to deprive them of claimed rights to property in the Town of Marlborough, without first obtaining leave from this court. All future filings by these plaintiffs <u>must</u> be accompanied by a motion for leave to file which shall clearly and concisely state how the subject matter of the proposed suit differs from, or why it is unrelated to, the subject matter of previous litigation instituted by them, or either of them, in federal or state court. Should it appear that a proposed action is repetitive, meritless, frivolous, malicious, intended to harass, delusional, or legally barred, leave to file will be denied. Should plaintiffs' motion for leave to file fail to meet the "clear and concise statement" test, it will be denied. The Clerk is directed to present all new filings by these plaintiffs to the undersigned judge for review of the required motion for leave to file. If leave to file is granted, the case will be assigned randomly in the usual course.

<u>Conclusion</u>

Without belaboring the matter any further, defendants' pending motions to dismiss are granted, plaintiffs' amended complaint is dismissed with prejudice with regard to all federal

12

claims for the reasons given and for the reasons set forth in the various defendants' motions to dismiss and supporting memoranda, and all state claims are dismissed without prejudice.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 1, 1999

cc:   Scott W. Veale
      David T. Veale
      T. David Plourde, Esq.
      Martha A. Moore, Esq.
      David P. Slawsky, Esq.

13